**In re Dorothy PERKINS, Debtor.**

**Bankruptcy No. 84–00450.**

United States Bankruptcy Court,
District of Columbia.

Oct. 26, 1984.

James P. Gittens, Washington, D.C., for debtor.

## ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

This matter has come before the Court upon the motion filed on September 26, 1984 by the Debtor "to amend Chapter 13 case" so as to include the Debtor's estranged husband, Franklin R. Perkins, as a co-petitioner. The Debtor alleges that failure to include the husband in the original petition was an oversight.

 The Bankruptcy Code specifically prohibits an involuntary Chapter 13 case. 11 U.S.C. § 303. If the Debtor's husband wants to file a Chapter 13 case, *he* must do so, not she. In addition, the husband cannot obtain relief under Chapter 13 by "amending" an already—filed Chapter 13 case brought by the wife alone. To permit such an amendment would seem to be tantamount to a *nunc pro tunc* filing by the husband which might interfere with intervening rights of third parties. Compare, however, *In re Crabtree*, 39 B.R. 718 (Bankr.E.D.Tenn.1984), and *In re 1438 Meridian Place, N.W., Inc.*, 15 B.R. 89 (Bankr.D.C.1981), two cases in which the courts allowed *nunc pro tunc* amendment of a petition to indicate the Debtor was "also known as" another, where the other was found to be the *alter ego* of the Debtor. That of course is not the case here.

In this case the statute has been significantly amended in the intervening period, and creditors might be severely prejudiced by a *nunc pro tunc* filing on behalf of the husband. Therefore, if the husband wants relief under Chapter 13, he should file a separate petition; if he or the Debtor in this case or both of them want to consolidate these two cases, either of them or both of them can file a motion to consolidate.

NOW THEREFORE IT IS ORDERED that the Debtor's motion to amend is DENIED.